UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-222 MJD/AJB

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) **ORDER** |
| v. | )<br>) |
| JOSE NUNEZ-MEDINA, | )<br>) |
| Defendant. | ) |

_____

Richard Newberry, Assistant United States Attorney, Counsel for Plaintiff.

John C. Brink, Counsel for Defendant.

_____

This matter is before the Court on Defendant's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

I. **Background**

On August 12, 2012, the Defendant was arrested and brought to the Crystal Police station. Once at the station, the police interviewed the Defendant. The interview was recorded and a transcript was later prepared.

On September 11, 2012, a grand jury returned an indictment against the

1

Defendant, which charged him with conspiracy to distribute heroin, and possession with intent to distribute heroin. Pursuant to the Federal Rules of Criminal Procedure, a copy of the audio tape of the Defendant's interview and a transcript (Gov't Ex. 2) were turned over to defense counsel. Based on a review of this evidence, defense counsel noted in his opening statement that the Defendant did not speak English well, and emphasized this point by highlighting different parts of the transcript that he received from the government. For example, defense counsel noted that when asked his birth date, the transcript indicates that the Defendant provided no answer to this question, which suggests the Defendant did not understand the question. (Id. at 1.) When asked about the heroin found in the hotel room, the Defendant provided a nonsensical response, that some of the heroin was hidden "in some much soap." (Id. at 2.)

At trial, during the government's case in chief, the prosecuting attorney played for the jury the audio recording of the Defendant's interview with police. The prosecutor also provided the jury a transcript of the interview, but this transcript was different than the one provided earlier to defense counsel. (Gov't Ex. 1.) For example, the new transcript indicates that the Defendant did provide his birth date, and that he told the police that some of the heroin was in "a single box

of soap." (Id. at 1-2.) When defense counsel realized that a new transcript had been prepared, but not turned over to the defense, counsel moved for a mistrial. The Court denied that motion. At the close of evidence, defense counsel moved for judgment of acquittal, and that motion was also denied.

With respect to the transcript of the Defendant's interview with police, the Court instructed the jury as follows:

> Transcripts of the recording were provided to you which undertook to identify the speakers engaged in the conversation.
>
> The transcript was for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.
>
> Whether the transcript correctly or incorrectly reflected the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

(Jury Instruction No. 11 (Doc. No. 98).)

The Defendant now brings this motion for a new trial based on two arguments. First, he argues that by not turning over the revised transcript, the

3

government violated Fed. R. Crim. P. 16, and as a result, defense counsel was tricked into giving an opening statement that was contradicted by undisclosed evidence. Second, the Defendant argues that the government committed prosecutorial misconduct by not turning over the revised transcript before publishing it to the jury.

## II. Standard for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court has broad, but limited, discretion to grant or deny a motion for new trial. United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004). A new trial "is a remedy to be used only 'sparingly and with caution.'" Id. (citation omitted).

Where a discovery violation affects a defendant's substantial rights, a new trial may be warranted. United States v. Clark, 385 F.3d 609, 620-21 (6th Cir. 2004); see also, United States v. Reed, 724 F.2d 677, 680 (8th Cir. 1984) (finding that a violation of Rule 16(a)(1)(B) is not cause for reversal unless the violation prejudiced the substantial rights of the defendant). Furthermore, a new trial may be warranted based on improper government conduct, where such conduct affected the defendant's substantial rights. United States v. Montgomery, 635 F.3d 1074, 1096-97

4

(8th Cir. 2011). "If the remarks were improper, we examine the cumulative effect of the misconduct, the strength of the properly admitted evidence, and any curative actions taken by the district court." Id. "Unless the court determines that a miscarriage of justice will otherwise occur, the jury's verdict must be allowed to stand." United States v. Garcia, 569 F.3d 885, 889 (8th Cir. 2009).

First, the Court finds that failure to turn over the revised transcript was improper. Based on the record as a whole, however, the Court further finds that failure to turn over the revised transcript did not affect the Defendant's substantial rights such that a new trial is warranted to avoid a miscarriage of justice. Here, the record reflects that the Defendant was provided a copy of the audio-recording prior to trial, and thus had the opportunity to listen to the recording and make his own determinations as to the accuracy of the transcript provided him by the government. While the Defendant objected to the timeliness of the receipt of the revised transcript prior to trial, at no time did he challenge the accuracy of the revised transcript.

In addition, the transcript was not evidence, and the jury was so instructed. Further, during his closing argument, defense counsel again argued that the Defendant did not speak English well. He argued that the government, responding to defense counsel's opening statement, altered the transcript in order to hide the

5

fact that the Defendant did not speak English well. Counsel also argued that during the interview, more than half of the questions asked were leading questions. It is thus evident that the revised transcript did not significantly alter the defense theory of the case.

Finally, the Court finds that although there are differences in the two transcripts, for the most part, the transcripts are identical and the identical portions provide evidence that overwhelmingly supports the verdict. For example, both transcripts include the following exchanges: "Q: Yeah? Okay. Why don't you tell me about what happened. A: Well, police come to the room and find drugs and . . ." (Gov't Ex. 1 at 2; Gov't Ex. 2 at 2); "Q: Did you have drugs in the room? A: Yeah. Q: Okay. What kind of drugs? A: Heroin." (Id.); "Q: Okay. Um. Who was the girl that was staying with you? A: Ah. Just a friend. Q: Just a friend? A: Yeah. Q: Was that her heroin? A: No." (Id.); "Q: No? Okay. What have you been doing with the heroin? A: Transporting." (Gov't Ex. 1 at 3; Gov't Ex. 2 at 4.) Further, in both transcripts, the Defendant admits the heroin was wrapped in black tape, that he came to Minnesota with possibly 18 or 17 ounces of heroin, and that he had only sold one-half ounce so far. (Gov't Ex. 1 at 3-4; Gov't Ex. 2 at 3-5.)

Thus, even though it was improper for the government to withhold the revised transcript, the Court finds that the cumulative effect of such misconduct does not warrant a new trial to avoid a miscarriage of justice given the strength of the properly admitted evidence.

IT IS HEREBY ORDERED that the Defendant's Motion for New Trial [Doc. No. 106] is DENIED.

Date: July 18, 2013

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court